U–JOHN, King–Priest of the Universal Sovereign, My–John, Pro se for the Universal Sovereign and his United States and world citizens and servants who subscribe to and profess Bible-based religious affiliation

v.

The COMPOSITE BIBLE–BASED RELIGIOUS BODY OF ALL PROTESTANT AND CATHOLIC ORGANIZATIONS OF CHRISTENDOM AND ALL JEWISH ORGANIZATIONS OF JUDAISM in the United States and world, which body claims to represent Almighty God, Jesus Christ and/or the Messiah, etc.

No. 1:93–CV–773–RCF.

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 10, 1993.

Hall F. McKinley, III, R. Harold McCard, Jr., Drew, Eckl & Farnham, Donald M. Fain, Fain, Major & Wiley, Alexander W. Smith, Jr., Smith, Gambrell & Russell, Paul H. Arne, John Phillip MacNaughton, Morris, Manning & Martin, Wade K. Copeland, Webb, Carlock, Copeland, Semler & Stair, Atlanta, GA, Gregory J. Stucky, Fleeson, Gooing, Coulson & Kitch, Wichita, KS, pro hac vice, for Composite Bible-based Religious Body.

Wendell R. Bird, David James Myers, Bird & Associates, Atlanta, GA, for Robert S. Folkenberg, Charles L. Boger, Mark Belz.

Donald M. Fain, Fain, Major & Wiley, Atlanta, GA, Terence L. Eads, Gary P. Price, Lewis & Kappes, Indianapolis, IN, pro hac vice, for C. William Nichols.

Ruby Lee Knight, Knight & Associates, Atlanta, GA, Enoch Perry, III, Church of God in Christ, Inc., Memphis, TN, pro hac vice, for Louis Henry Ford.

Robert A. Koory, Goodman, Eden, Millender & Bedrosian, Detroit, MI, pro hac vice, for Antoun Khouri.

Scott H. Kaplan, Office of Scott H. Kaplan, Atlanta, GA, for Alan Tichnor.

Paul H. Arne, John Phillip MacNaughton, Morris, Manning & Martin, Atlanta, GA, for Herbert W. Chilstrom.

Hall F. McKinley, III, R. Harold McCard, Drew, Eckl & Farnham, Jr., Wendell R. Bird, David James Myers, Bird & Associates, Atlanta, GA, for Florence Driedger.

Wendell R. Bird, David James Myers, Bird & Associates, Atlanta, GA, Alan L. Weldy, Yoder, Ainlay, Ulmer & Buckingham, Goshen, IN, for David W. Mann.

Byron Thomas Cook, Jr., Office of B. Thomas Cook, Jr., Atlanta, GA, for Carolyn M. Marshall.

Wade K. Copeland, Webb, Carlock, Copeland, Semler & Stair, Atlanta, GA, for G. Raymond Carlson.

Robert E. Corry, Jr., Dennis, Corry, Porter & Gray, Atlanta, GA, for Nathaniel A. Urshan.

## ORDER

RICHARD C. FREEMAN, Senior District Judge.

This action is before the court on various motions to dismiss by defendant members of the Composite Bible-based Religious Body [composite defendants, (individually, representatives) ]. U–John,[1] self-proclaimed King Priest of the Universal Sovereign, My–John, has not responded.[2] After careful meditation, the court grants these supplications.

*Background*

U–John alleges that the composite defendants have conducted their religious affairs in a manner which constitutes fraud, "breach of duty," defamation, extortion and misappropriation of funds. Unable to discern either the number of plaintiffs before the court or the claims presented in the initial complaint, the court ordered U–John to re-draft the complaint to clarify the status of the plaintiff(s) and to more specifically pray for relief. U–John complied, providing

---

1. U–John professes to be "God's only begotten son" and "King Priest of God's Government with human subjects throughout the entire earth." Memorandum of Facts Relative to the Nature and Persons of U–John, and My–John, and of the Royal Embassy of U–John, ¶ II (attached to the re-drafted complaint). U–John asserts claims on behalf of both U–John and My–John, "the Universal Sovereign, The One True God, [and] The Author of the Bible." *Id.*, ¶ I. U–John is also

"the family name of all willing subjects of the Universal Sovereign [also known as My–John]," *id.*, ¶ II, and, therefore may be more than one person.

2. Failure to file a response shall indicate that there is no opposition to the motion. LR 220–1(b), N.D.Ga.

a re-drafted complaint and supporting "memorand[a] of facts" included for the purposes of illuminating the court as to both U–John relationship with My–John and the specific sins of the composite defendants.[3] The crux of U–John's re-drafted complaint, however, makes it clear that this action centers exclusively on religious questions beyond the purview of the appropriate exercise of this court's jurisdiction.

Essentially, U–John claims that, by accepting the Bible as their central text, the composite defendants owe a duty to U–John and My–John to strictly follow My–John's Biblical teachings. Re-drafted Complaint, pp. 4–6. U–John asserts that composite defendants have failed to discharge their duties, and that this failure has precipitated a number of evils, including "immorality, homosexuality, idolatry ... mass confusion among humans, unproductive and detrimental lifestyles, family disruptions and breakups, diminished mental health and stability, escalating social diseases, etc." *Id.*, pp. 9–10. U–John further claims that composite defendants have been complicit in the global disruption of peace by participating in political processes that have ultimately led to "warring conflicts in human relations with massive loss of human life," thereby subjecting human subjects to "the constant threat of nuclear war and annihilation in the total absence of true peace and security—a most hideous form of extreme mental cruelty." *Id.*, p. 16. U–John similarly claims that composite defendants have defamed My–John by misrepresenting My–John as a tormentor of souls and a warmonger, by causing confusion among human subjects stemming from the disunity within the religious sects, and by engaging in activities that bring My–John into disrepute. *Id.*, pp. 20–21. Finally, U–John claims that defendants are guilty of extortion and misappropriation of My–John's assets, principally through the exaction of tithes and contributions from followers. *Id.*, 24–6.

Unwilling to turn the other cheek, several representatives of the composite defendants have moved to dismiss U–John's re-drafted complaint. All of the motions submitted by the various defendant-representatives (some through incorporation of the reasons set forth in the briefs of others) rightly invoke the First Amendment's wall of separation between church and state.

With regard to the hallowed principles embodied in this amendment, the Supreme Court sermonized that:

> [t]he Fathers of the Constitution were not unaware of the varied and extreme views of religious sects, of the violence of disagreement among them, and the lack of any one religious creed on which all men would agree. They fashioned a charter of government which envisaged the widest possible toleration of conflicting views. Man's relation to his God was made no concern of the state. He was granted the right to worship as he pleased and to answer to no man for the verity of his religious views.

*United States v. Ballard*, 322 U.S. 78, 87, 64 S.Ct. 882, 886, 88 L.Ed. 1148 (1944). Therefore, "[t]he law knows no heresy, and is committed to the support of no dogma, the establishment of no sect." *Presbyterian Church in the U.S. v. Mary Elizabeth Blue Hill Memorial Presbyterian Church*, 393 U.S. 440, 446, 89 S.Ct. 601, 604, 21 L.Ed.2d 658 (1969) (quoting *Watson v. Jones*, 80 U.S. (13 Wall) 679, 20 L.Ed. 666 (1872)).

■ While it is true that a court of law may appropriately enforce the secular legal prohibitions on breach of contract, fraud, misrepresentation, defamation, and extortion, "[s]pecial problems arise, however, when these disputes implicate controversies over church doctrine and practice." *Id.*, 393 U.S. at 445, 89 S.Ct. at 604. The greatest of these is the entanglement of the judiciary in purely religious matters;

---

**3.** As is understandable, inasmuch as the trespassing defendants share the Bible as their common bond, the court's cup of defendants runneth over. For reasons unknown to the court, not all of the named representative defendants have responded to U–John's complaint. Whether these defendants consider the action frivolous, object to ser-

vice, or justify their inaction on other grounds, the court does not condone willful disregard of the commandments of the Federal Rules of Civil Procedure. Nonetheless, no default has been entered in this case, and, as explained *infra*, the court would be powerless in any event to enforce the judgment requested by U–John.

If civil courts undertake to resolve [religious] controversies in order to adjudicate [legal] dispute[s], the hazards are ever present of inhibiting the free development of religious doctrine and of implicating secular interests in matters of purely ecclesiastical concern. Because of these hazards, the First Amendment enjoins the employment of organs of government for essentially religious purposes.

*Id.,* 393 U.S. at 449, 89 S.Ct. at 606.

Adjudicating U–John's prayers for relief necessitates an exegesis upon the defendants' challenged religious beliefs and practices. The Constitution, as discussed above, forbids this or any other court from passing upon U–John's claim. Determining the existence of a duty to My–John, the proper conduct of a representative of My–John, and, indeed, the very existence and nature of My–John, would require the court to venture into "a forbidden domain." *Ballard,* 322 U.S. at 87, 64 S.Ct. at 887. The court declines to trespass upon this ground, and will not partake of its forbidden fruit.

Accordingly, the motions to dismiss submitted by defendant Archbishop Daniel Pilarczyk of the Roman Catholic Church [# 8–1], defendant G. Raymond Carlson of the Assemblies of God [# 10–1] and [# 19–1], defendant Bishop Herbert W. Chilstrom of the Evangelical Lutheran Church in America [# 14–1], defendant President William C. Nichols of the Christian Church (Disciples of Christ) [# 17–1], defendant General Conference Mennonite Church [# 21–1], defendant United Synagogue of America [# 23–1], defendant Carolyn M. Marshall of the United Methodist Church [# 26–1], defendant Bishop Louis Henry Ford of The Church of God in Christ [# 27–1], and defendant Superintendent Nathaniel A. Urshan of The United Pentecostal Church International [# 31–1], are all hereby GRANTED. All other outstanding motions are hereby DENIED as MOOT. The Clerk is DIRECTED to DISMISS this action in its entirety.

SO ORDERED.